Longworth, J.
The cause of action upon which suit was originally brought was created by the act of March 31, 1874 (71 Ohio Laws, 51), entitled “ an act to secure pay to persons performing labor and furnishing materials in constructing railroads,” and the solution of the questions raised in this court depends upon the proper construction of its terms. These questions we shall treat in the following order.
1st. Was the bill of particulars sufficient?
2d. Was parol evidence of the contents of the notice properly received ?
*125 3d. Was the written notice sufficient under the statute 3
4th. Did the lapse of more than thirty days bar the right of action ?
I. The rules which govern pleading in courts of record at common law and under the code of civil procedure have never been strictly applied in proceedings before justices of the peace. From the earliest days a very liberal practice has obtained in this state in reviewing proceedings had before these officers when the question of their jurisdiction is not involved. A different course would be unreasonable and impracticable, and, to use the language of this court in Harding v. Trustees of New Naven Tp., 3 Ohio 232, “would not only destroy their usefulness but render them in a great degree deceptive and mischievous.”
In the case before us the bill clearly informed the defendant of the nature of the cause of action sued on, and the amount for which a recovery was sought. We are not disposed to quarrel with it, because it is not as complete in its statement of facts as might be required of it had it been filed as a petition in a court of record.
II. It is undoubtedly true, that secondary evidence to prove a fact cannot be resorted to until all sources of original evidence have been exhausted; and in general, where a written instrument is in the hands of an adverse party, its contents cannot be proved by parol until its production has been called for and refused. There are, however, as laid down by Mr. Green-deaf, three well-established exceptions to this general rule, and in which notice to produce is not necessary. First, where the instrument to be produced and that to be proved are duplicate originals; secondly, where the instrument to be proved is itself a notice, such as a notice to quit, or notice of the dishonor of a bill of exchange; and, thirdly, where, from the nature of the action, the defendant has notice that the plctimtiff intends to charge him with possession of the instrument. 1 Greenl. on Ev. § 561. See also 2 Phillips on Ev. 539, and cases therein referred to.
In the case before us the plaintiff’s right of action is created *126 by the statute and depends upon the fact of written notice served. "Without proof of this no recovery could possibly be had. The bringing suit, therefore, apprised defendant that it would be necessary for plaintiff to introduce the written paper at the trial, which paper at the time was in defendant’s possession.
W e think the case clearly falls within the last exception to the rule quoted above, which seems to be founded in sound reason and common sense, in view of the fact that the law regards substance rather than mere form. The defendant being thus informed that plaintiff required this paper at the trial, no reason can exist for insisting that it should be a second time formally notified ,of this fact.
III. The statute provides that the notice shall be served upon the railroad company, “ within thirty days from the date that said person ceased fui-nishing said materials or laboring on ■said road as aforesaid, stating in said notice the kind and amount of materials furnished and labor performed, the time when, the contractor or sub-contractor for whom, and the section or place where on the line of the road said labor was performed or materials were furnished by him as aforesaid, and the amount due him therefor.” A' substantial compliance with these requirements is unquestionably necessary to create any liability on the "part of the company, their object being to apprise the company of all facts necessary to a thorough understanding of its rights and obligations in respect to its contractor, and the person furnishing the materials or labor under him, with the latter of whom it had, up to the time of notice, made no contract and assumed no obligation,
The notice served upon the company was as follows : — •
“To the Scioto Talley Railway Company: You are hereby notified that there is due to me, and unpaid, from Spotts, Frank & Co., contractors, the sum of fifteen dollars and forty-three cents, for work and labor bestowed by me in grade-making upon the line of said railway, between the Scioto river bridge and Main street, in the city of Chillicothe. I ceased to bestow said labor on the — :---day of------- *127 1876, and less than thirty days from the time of filing this notice.
“Dennis Cronin.”
In this we find a substantial compliance with the conditions of the statute: the company is advised of the nature of the plaintiff’s claim, the character and value of the work done, the contractors under whom it was performed, the place where done, and that it wás finished within thirty days next preceding the notice. More than this it was not the intent of the legislature to require.
These notices are drawn up and served in most cases by unlettered men without the aid of counsel. To require a literal compliance with the terms 'of the statute would not only be objectless, but would in many cases defeat the very end and aim of the law.
IY. In answer to the claim that suit was not brought within thirty days, we have only to say that the limitation contained in the proviso relates only to disputes between the contractor and the claimant, and not to controversies between the claimant and the railroad company.
It is further urged that the plaintiff failed to make out a case by omitting to prove that the aggregate indebtedness of the contractor for the labor let by the company did not exceed 90 per cent, of the contract price. This fact, if it existed, would have constituted a defense fro tamlo, and might have been-shown by the company. It was not a matter necessary to be proved to make out a right of action.
It is also insisted that there was no evidence tending to show that Spotts, Frank & Co. were contractors upon the road, and that for this reason the case should have been arrested from the jury. To warrant such action there must be an absolute want of proof. In this case the notice served upon the company stated that Spotts, Frank & Co. were contractors, and the admission, by silence, of this fact on the part of the company, although evidence of the most meager and unsatisfactory character, was nevertheless proper to go to the jury in the absence of any other testimony upon the subject.
*128 Furthermore, it appears from the record that this objection, although covered by the general assignment of errors in the petition filed in the court of common pleas, was not specifically alleged or brought to the notice of that tribunal. Although clearly within its power to have taken cognizance of this subject it was not bound to search for errors not specifically alleged, and its failure so to do will not necessarily be fatal upon review in the district court or here.

Judgment affirmed.